There is no real dispute that Progressive impaired USAMC's lien by paying Clarence Bell $6,000 in return for Bell's releasing Progressive of all liability for the May 14, 2002, accident involving one of Progressive's insureds. For that reason, I concur in the judgment of the main opinion insofar as it affirms the trial court's conclusion that Progressive impaired USAMC's lien.
I dissent, however, from the main opinion's conclusion that USAMC is entitled to recover from Progressive the reasonable value of all services rendered by the hospital to Clarence Bell as a result of the May 14, 2002, accident — $57,097 — without any regard to the amount of Progressive's obligation to indemnify its insured.
Section 35-11-372, Ala. Code 1975, provides that, in a case such as this, a hospital "may recover from the one accepting such [a] release . . . the reasonable cost of [the] hospital care, treatment and maintenance" the hospital provided the injured party. (Emphasis added.) Importantly, the Legislature did not state that a hospital "shall be entitled to recover" such damages. The Legislature did say, however, in that same statute, that "[i]f the lienholder shall prevail in [a civil] action [for damages], the lienholder shall be entitled to recover from the defendant, costs and reasonable attorney's fees." (Emphasis added.) I think it only reasonable to conclude that the Legislature intended a difference when it used "may recover" with respect to the recovery by the lienholder-hospital of costs for services and "shall be entitled to recover" with respect to litigation costs and attorney fees. The majority opinion, in effect, concludes that the Legislature intended no such difference.
However, while I think this difference is clear, I acknowledge that the Legislature did not clarify under what circumstances a *Page 1250 
hospital "may recover" all reasonable costs. When interpreting a statute that is ambiguous on its face, this Court seeks a result that is "workable and fair" and one that considers "the intent of the legislature," "the results that flow from assigning one meaning over another," and "related statutory provisions." JohnDeere Co. v. Gamble, 523 So.2d 95, 100 (Ala. 1988). My consideration of all of these factors leads me to conclude that a hospital "may recover" the reasonable cost of all services onlyif the lien that was impaired had a value equal to or greater than such reasonable cost.
In this case, however, Progressive paid Bell only $6,000 to induce him to release Progressive of all liability stemming from the May 14, 2002, accident, an amount far less than, about one-tenth of, the reasonable cost of the hospital services USAMC provided Bell. Interpreting § 35-11-372 to require Progressive to nevertheless pay USAMC $57,097 would be inequitable and, in my opinion, contrary to well-established principles of statutory interpretation.
To help frame this issue, suppose Bell had suffered more serious injuries requiring more intensive medical treatment and a more lengthy hospital stay, and that the insured's policy limit was $20,000. The "reasonable cost" of the services USAMC would have provided in this example could easily exceed several hundred thousand dollars. However, the insurer's liability would be limited by the policy to only $20,000. Under the precedent established by the main opinion, if that insurer subsequently impaired the hospital's lien by settling with Bell for, say, $10,000, it would nonetheless be liable for hundreds of thousands of dollars, notwithstanding the fact that it had contracted to provide only $20,000 of coverage. Surely, such an inequitable result should not be mandated by a statute that uses the permissive "may" rather than the mandatory "shall."
Of course, in pursuit of a public policy to help assure that patients are readily admitted to emergency rooms, the Legislature could enact a statute that would penalize an insurer for settling a claim without the consent of the lienholder-hospital by requiring the insurer to pay the lienholder-hospital more than the value of the lien. Before we conclude that the Legislature intended § 35-11-372 to be such a penal statute, we should find clear evidence of such an intent. Instead, I find clear evidence of the opposite intent in § 35-11-372.
Progressive violated § 35-11-372 by settling Bell's claim without the consent of the lienholder-hospital USAMC. Therefore, it is appropriate that USAMC be restored to the position it would have been in had its lien not been impaired. Accordingly, if USAMC believes that $6,000 is the fair value of Bell's claim, it is entitled to recover that amount. However, if USAMC believes that the fair value of Bell's claim is greater than $6,000, that is, if USAMC would not have consented to the agreement pursuant to which Bell released Progressive of all liability for $6,000, USAMC is entitled to seek what it believes is fair value for the claim. I would remand the case to the trial court to allow USAMC to decide whether to accept $6,000 or to pursue a greater amount. If it elects the latter option, Progressive would be free to argue that the fair value of Bell's claim is $0; however, because Progressive violated § 35-11-372, in no event would Progressive be liable to USAMC for less than $6,000, plus costs and reasonable attorney fees.
For these reasons, I respectfully dissent from the majority opinion to the extent indicated. *Page 1251